COBB, Judge.
The issue in this case is a simple one concerning procedural due process. The appellant, the Conklin Center, terminated the employment of Phyllis Williams for unsatisfactory work. She filed a complaint claiming her discharge was pretextual and was based on her race. After an evidentia-ry hearing, the hearing officer upheld Conklin’s action, finding that it was predicated on articulable and legitimate nondis *39 criminatory reasons. Williams appealed that administrative finding to the Florida Commission on Human Relations, which determined that Conklin did not commit an unlawful employment practice by terminating Williams. Nevertheless, the Commission sua sponte found that, irrespective of the justification for discharging Williams, there was evidence adduced at the hearing indicating “a discriminatory work environment” at the Conklin Center. The Commission therefore, sua sponte, enjoined Conk-lin from “such unlawful employment practice” (with no further specificity) and granted partial attorney’s fees to Williams’s attorney.
It is elementary that parties to civil and criminal proceedings, whether judicial or administrative, are entitled to notice of the issues, as a matter of due process. At no time was Conklin charged with having “a discriminatory work environment,” and that issue was not litigated before the hearing officer. Hence, it could not be an issue on appeal before the Commission, and the order was entered without any vestige of jurisdiction. Since the Commission’s finding of an unlawful employment practice was improper, the attorney fee award, based on section 760.10(13), Florida Statutes (1985), cannot stand.[1]
Accordingly, the order of the Commission granting injunctive relief and awarding attorney fees is
QUASHED.
DAUKSCH and ORFINGER, JJ., concur.

. Section 760.10(13) provides in part:
In the event that the commission, in the case of a complaint under subsection (10), or the court, in the case of a civil action under subsection (12), finds that an unlawful employment practice has occurred, it shall issue an order prohibiting the practice and providing affirmative relief from the effects of the practice, including reasonable attorney’s fees.