PER CURIAM.
This cause is before us on appeal and cross appeal from a compensation order determining that Mixel Corporation (Mixel), rather than The Pointe of Hialeah (The Pointe), was claimant’s employer; that claimant’s average weekly wage (AWW) under sections 440.-02(24) and 440.14(1), Florida Statutes (Supp. 1990), excluded wages from claimant’s concurrent employment with The Pointe; and that The Pointe was entitled to reimbursement from Mixel for all compensation and medical benefits paid claimant by The Pointe. Asserting numerous arguments, claimant contends that the judge of compensation claims (JCC) erred in excluding wages earned during her concurrent employment with The Pointe from the determination of her AWW. On cross appeal, Mixel contends that the case should be remanded to the-JCC with instructions to amend the reimbursement award to conform to the JCC’s intent as expressed in an award letter.
As to the appeal, we reverse and remand for further proceedings in accordance with our decision in Vegas v. Globe Security, 627 So.2d 76 (Fla. 1st DCA 1993), en banc. We also reverse as to the cross appeal. Our review of the record indicates that the JCC announced in a letter to the parties his intention to grant The Pointe’s claim for reimbursement from Mixel, from May 3, 1991 forward, the date on which Mixel first had notice of claimant’s claim. Subsequently, the JCC erroneously entered an order requiring Mixel to reimburse The Pointe for all compensation and medical benefits paid claimant by The Pointe. Claimant filed a motion for rehearing on unrelated grounds. Although Mixel never filed a formal motion for rehearing, Mixel brought the error to the JCC’s attention during the hearing on claimant’s motion for rehearing. The JCC denied claimant’s motion and instructed Mixel to prepare an amendment to the compensation order correcting the error in the reimbursement award. Before the JCC could enter the amendment, claimant filed a notice of appeal, which divested the JCC of jurisdiction to enter the amendment.
We reject The Pointe’s contention that Mixel in this appeal should have the burden of demonstrating to this court that the reimbursement award reflected in the order under review is unsupported by competent, substantial evidence. A contrary holding would permit any party dissatisfied with an orally-announced ruling on a motion for rehearing to immediately file a notice of appeal, divest the JCC of jurisdiction to enter the order on rehearing, and then secure affir-mance of the original order, because the complaining party would be required to satisfy the more stringent competent, substantial evidence standard of appellate review. We recognize, however, that The Pointe was entitled to notice that this issue would be addressed at the hearing on claimant’s motion for rehearing. See generally, The Conklin Center v. Williams, 519 So.2d 38 (Fla. 5th DCA 1987). On remand, the JCC may revisit this issue.
The order appealed from is affirmed in part and reversed in part, and this cause is remanded for proceedings consistent herewith.
BOOTH, SMITH and MINER, JJ., concur.